McMahon, J.

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDIA PRODUCTS, INC.<br>DBA DEVIL'S FILM<br>9145 Owensmouth Ave.<br>Chatsworth, CA 91311<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1 – 59<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action 1:12-cv-00125-CM<br>)<br>)<br>)<br>)<br>) |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/12

## [~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

Having considered Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("Motion"), and it appearing to the Court that there is good cause to grant the relief requested therein based upon Plaintiff's necessity to serve subpoenas upon Internet Service Providers to ascertain the identity of the Defendants in this case, it is:

**ORDERED** that Plaintiff's Motion is **GRANTED**.

**ORDERED** that the Plaintiff is allowed to conduct immediate discovery on the Internet Service Providers listed in Exhibit A to the Complaint with a subpoena under Federal Rule of Civil Procedure 45 seeking information sufficient to identify each Doe defendant, including name, current and permanent address, e-mail address, and Media Access Control (MAC) Address.

**ORDERED** that the Plaintiff may serve a Rule 45 subpoena also upon any intermediary Internet Service Provider that may be identified in response to a subpoena as providing internet services to one or more of the Doe defendants.

**ORDERED** that the Plaintiff cover any costs that the Internet Service Providers charge for researching the Doe defendants.

**ORDERED** that if and when an Internet Service Provider is served with a subpoena, the Provider shall give written notice, which may include e-mail notice, to any affected subscribers, and such notice shall inform the subscribers of their right to challenge the subpoena in this Court.

**ORDERED** that if the Internet Service Provider and/or any Defendant wishes to modify or quash a subpoena, such party must do so before the return date of the subpoena, which shall be thirty (30) days from the date of service.

**ORDERED** that subpoenas authorized by this Order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. §551. In particular, 47 U.S.C. § 551(c)(2)(B) provides as follows:

> "(c) Disclosure of personally identifiable information
> \*\*\*
>> "(2) A cable operator may disclose such information if the disclosure is—
>> \*\*\*
>>> "(B) subject to subsection (h) [relating to disclosures to governmental agencies] of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . ."

**ORDERED** that the Internet Service Provider shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

**ORDERED** that Plaintiff shall provide each subpoenaed Internet Service provider with a copy of this Order.

**SO ORDERED** this 11 day of Jan, 2012.

United States District Judge